IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| MATTIE WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:10cv00108 SWW |
| | * | |
| | * | |
| | * | |
| HARTFORD LIFE AND ACCIDENT | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

This is an action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* in which the pro se plaintiff, Mattie Williams, challenges the calculation of her disability benefits under the Tenneco Automotive Operating Co. Inc. Non Union Hourly Employees Group Benefit Plan (the "Plan"). The action was originally filed in the Circuit Court of Craighead County, Arkansas, but was removed to this Court on May 17, 2010, by defendant, Hartford Life and Accident Insurance Company (Hartford).

The matter is now before the Court on motion of Hartford to dismiss plaintiff's complaint for failure to exhaust [doc.#12]. Plaintiff has not responded to Hartford's motion and the time for doing so has passed. Having carefully considered the matter, the Court grants Hartford's motion to dismiss.

I.

In the Eighth Circuit, benefit claimants must exhaust the benefits appeal procedure before bringing claims for wrongful denial to court. *Midgett v. Washington Group Intern. Long term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009). The exhaustion requirement serves to

minimize the number of frivolous ERISA lawsuits, promote the consistent treatment of benefit claims, provide a nonadversarial dispute resolution process, and decrease the cost and time of claims settlement. *Kinkead v. Southwestern Bell Corporation Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 68 (8th Cir. 1997). In addition, it enhances the ability of trustees to interpret plan provisions and helps assemble a factual record which will assist a court in reviewing claim denials. *Id*. *See also Wert v. Liberty Life Assur. Co. of Boston,* 447 F.3d 1060, 1066 (8th Cir. 2006) (exhaustion grants claim administrators an opportunity to correct errors, promotes consistent treatment of claims, provides a non-adversarial dispute resolution process, and decreases the cost and time of claims resolution); *Back v. Danka Corp.,* 335 F.3d 790, 792 (8th Cir. 2003) (exhaustion permits an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, to make a reasoned decision, and offers the reviewing court a factual predicate upon which to proceed).

Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his or her claim for relief is barred. *Midgett*, 561 F.3d at 898; *Norris v. Citibank, N.A. Disablilty Plan (501),* 308 F.3d 880, 884 (8th Cir. 2002) (same). ERISA plan beneficiaries are required to exhaust their claims where there is notice of an available review procedure and where there is no showing that exhaustion would be futile. *Wert,* 447 F.3d at 1065. An administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief. *Midgett*, 561 F.3d at 898. Unsupported and speculative claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies. *Id*.

II.

The Plan at issue in this action requires benefit claimants like plaintiff to exhaust administrative remedies for an adverse benefit determination before challenging that determination in court.  Plaintiff does not dispute Hartford's assertion that she has not challenged the calculation of her disability benefits at the administrative level, and that she has not exhausted her administrative remedies as to such a claim.  Furthermore, plaintiff does not allege exhaustion in her complaint and she has not asserted that her administrative remedies should be "deemed exhausted" or that it would "be futile" to require her to exhaust administrative remedies.  Accordingly, the Court must dismiss this action for plaintiff's failure to exhaust.

IT IS THEREFORE ORDERED that this action be dismissed without prejudice for failure to exhaust.

Dated this 27th day of July 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE